Eugene Kim, SBN: 221753
Email: eugene.kim@streamkim.com
**STREAM KIM HICKS WRAGE & ALFARO, PC**
3403 Tenth Street, Suite 700
Riverside, CA 92501
Telephone: (951) 783-9470
Facsimile: (951) 783-9475

*Attorney for Applicant,*
*Jay Park*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| *In re Ex Parte* Application of | ) CASE NO. 5:25-mc-80005 |
| | ) |
| **JAY PARK,** | ) ***APPLICANT'S EX PARTE*** |
| | ) **APPLICATION FOR AN ORDER** |
| | ) **PURSUANT TO 28 U.S.C. § 1782** |
| Applicant. | ) |
| | ) |
| | ) |

## EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Applicant Jay Park ("**Applicant**") hereby applies to the Court for an order authorizing limited discovery for use in a civil matter in the Republic of Korea pursuant to 28 U.S.C. Section 1782 ("**Application**"). This application is filed ex parte according to the usual practice for Section 1782 applications.[1] As further stated in the proposed subpoena, the Applicant seeks limited discovery from Google LLC ("**Google**"), which is an entity located in this district.

United States district courts, including this district, have commonly decided Section 1782 applications on an *ex parte* basis because "parties will be given adequate notice of any discovery

---

[1] It is both common and proper for the process of presenting a request to a court to obtain an order authorizing discovery pursuant to Section 1782 to be conducted ex parte." *In re Google. Inc*., 114 U.S.P.Q.2d 1161 (N.D. Cal. 2014). *Accord, In re: Ex Parte Application Varian Medical Sys. Int'l AG*, 2016 WL 1161568 (N.D. Cal. March 24, 2016) ("Section 1782 petitions are regularly reviewed on an ex parte basis"); *In re Ex Parte Motorola Mobility, LLC*, 2012 WL 4936609 (N.D. Cal. Oct. 17, 2012) ("It is common for requests to obtain an order pursuant to Section 1782 to be conducted ex parte").

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

1

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *IPCom GmbH & Co. KG v. Apple Inc*., 61 F.Supp.3d 919, 922 (N.D. Cal. 2014) (citation omitted); *see also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) (In discussing Section 1782, the court noted that "Letters Rogatory" are customarily received and appropriate action taken with respect thereto ex parte). For the reasons set forth herein, the Applicant respectfully requests this Court decide the Application on an *ex parte* basis.

This Section 1782 request is supported by the accompanying memorandum of points and authorities, proposed subpoena, Exhibits and the Declarations of Jihyun Woo and Jisu Lee, all of which are filed concurrently herewith.

Dated: January 9, 2025                         STREAM KIM HICKS WRAGE & ALFARO, PC.

_____

Eugene Kim
*Attorney for Applicant,*
*Jay Park*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

2
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TABLE OF CONTENTS**

I. INTRODUCTION ...........................................................................................................6

II. FACTUAL BACKGROUND .......................................................................................6

    A.    Jay Park Is a Musical Artist with Global Appeal..................................................6

    B.    The Anonymous YouTuber Posted Defamatory Content About Jay Park, Which Received Millions of Views and Thousands of Comments. ......................7

        1.    False Statements That Jay Park is Affiliated with the Chinese Mafia—the Triads: .......................................................................................7

        2.    False Statements About Improper Financial Dealings That Involve Chinese Crypto-Currency: ..........................................................................7

        3.    False Statements That Jay Park Is a Drug Trafficker: ...............................8

    C.    Jay Park Filed a Civil Lawsuit In Korea for Defamation. ....................................9

    D.    Jay Park Seeks Limited Discovery from Google for a Civil Case in Korea............9

III. JURISDICTION AND VENUE ................................................................................10

IV. LEGAL STANDARD ...............................................................................................10

V. ARGUMENT ..............................................................................................................11

    A. This Application Meets All of the Statutory Requirements of Section 1782 ...............11

    B. Each of the Intel Discretionary Factors Weigh in Favor of Granting this Application.................................................................................................................12

    1. Google is Not a Party in the Korean Civil Matter ...............................................12

    2. Korean Tribunals are Receptive to U.S. Judicial Assistance............................13

    3. Jay Park is Not Seeking to Circumvent Any Restrictions or Policies on Proof Gathering...................................................................................................14

        a. Jay Park is Seeking Personal Identifying Information ("PII") to Proceed with the Civil Matter ...................................................................14

        b. The First Amendment Does Not Apply ..................................................15

    4. This Application is Not Unduly Intrusive or Burdensome ...............................16

VI. CONCLUSION...........................................................................................................18

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

3

## TABLE OF AUTHORITIES

**Cases**

*Akebia Therapeutics, Inc. v. FibroGen, Inc.*,

    793 F.3d 1108 (9th Cir. 2015) ...................................................................................... 12

*Hey, Inc. v. Twitter, Inc.*,

    No. 22-mc-80035-DMR, 2023 WL 3874022 (N.D. Cal. June 6, 2023) .......................... 15

*In re Ex Parte Application of Akiko Isogai*,

    Case No. 22-mc-80327 SVK, 2023 WL 3035418 (N.D. Cal. Jan. 20, 2023).................. 17

*In re Ex Parte Application of Qualcomm Inc.*,

    162 F.Supp.3d 1029 (N.D. Cal. 2016) ............................................................................ 16

*In re Ex Parte Application of Varian Med. Sys. Int'l AG*,

    No. 16-mc-80048-MEJ, 2016 WL 1161568 (N.D. Cal. March 24, 2016)....................... 13

*In re Frontier Co., Ltd.*,

    No. 19-mc-80184-LB, 2019 WL 3345348 (N.D. Cal. July 25, 2019).............................. 16

*In re Google Inc.*,

    No. 14-mc-80333-DMR, 2014 WL 7146994 (N.D. Cal. Dec. 15, 2014) ........................ 14

*In re Med. Corp. H&S*,

    No. 19-MC-80058-VKD, 2019 WL 1230440 (N.D. Cal. Mar. 15, 2019)....................... 17

*In re Med. Corp. Seishinkai*,

    No. 21-mc-80160-SVK, 2021 WL 3514072 (N.D. Cal. Aug. 10, 2021)......................... 17

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash.*,

    634 F.3d 557  (9th Cir. 2011) ........................................................................................ 11

*In re Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*,

    No. C15-80069 MISC LB, 2015 WL 1064790 (N.D. Cal. Mar. 11, 2015)..................... 13

*In re Request for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*,

    428 F.Supp. 109 (N.D. Cal. 1977) ................................................................................. 13

*In re Starship Entm't Co., Ltd.*,

    No. 23-mc-80147-BLF, 2023 WL 3668531 (N.D. Cal. May. 24, 2023)......................... 14

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

*In re Tagami*,

    No. 21-mc-80153-JCS, 2021 WL 5322711 (N.D. Cal. Nov. 16, 2021) ......................... 16

*Intel Corp. v. Advanced Micro Devices, Inc.*,

    542 U.S. 241 (2004) ...................................................................... 11, 12, 13, 14

*Khrapunov v. Prosyankin*,

    931 F.3d 922 (9th Cir. 2019) ............................................................................. 10

*Milkovich v. Lorain J. Co.*,

    497 U.S. 1 (1990) ............................................................................................... 16

*Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*,

    Case No. 12-cv-80242 EJD, 2013 WL 256771 (N.D. Cal. Jan. 23, 2013) ...................... 17

*Palantir Techs., Inc. v. Abramowitz*,

    415 F.Supp.3d 907 (N.D. Cal. 2019) ................................................................. 13

*Takagi v. Twitter, Inc.*,

    No. 22-mc-80240-VKD, 2023 WL 1442893 (N.D. Cal. Feb. 1, 2023) .......................... 15

*United States v. Google LLC*,

    690 F. Supp. 3d 1011, 2023 WL 5725518 (N.D. Cal. 2023) .............................. 11, 15, 16

*Zuru, Inc. v. Glassdoor, Inc.*,

    614 F.Supp.3d 697, 707 (N.D. Cal. 2022) ........................................................ 15

**Statutes**

18 U.S. Code § 2701 .............................................................................................. 17

28 U.S. Code § 1331 ............................................................................................. 10

28 U.S. Code § 1391 ............................................................................................. 10

28 U.S Code § 1782 ........................................................................................ passim

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

5

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Applicant Jay Park, an internationally renowned musician, entrepreneur, and public figure, has been the target of a campaign of defamation and harassment conducted by an anonymous person ("**Anonymous YouTuber**") operating the YouTube channel "뿌링사무소" ("**Bburingsamuso**"). The defamatory statements falsely accuse Jay Park of being involved with organized crime, drug trafficking, and unethical conduct, all of which have caused significant harm to his reputation and professional endeavors. To address these falsehoods on the YouTube platform, Jay Park has filed a civil lawsuit in the Republic of Korea ("**Korea**"). Unfortunately, without the Anonymous YouTuber's personally identifiable information ("**PII**"), the civil case in Korea cannot proceed.

Despite extensive efforts to identify the Anonymous YouTuber through publicly available information, Jay Park has been unsuccessful to date. Lee Decl. ¶ 8. Consequently, Jay Park now seeks the assistance of this Court under 28 U.S.C. section 1782.

As detailed below, Jay Park satisfies all the statutory requirements under Section 1782, and the discretionary factors weigh in favor of the Court exercising its discretion to grant this Application. Moreover, this Application does not prevent Google from objecting or moving to quash the targeted requests made in the proposed subpoena, which is attached as **Exhibit A**.

### II. FACTUAL BACKGROUND

**A. Jay Park Is a Musical Artist with Global Appeal**

Jay Park is an American rapper, singer-songwriter, and dancer who is based out of South Korea but was born in Seattle, Washington. Jay Park is regarded as a trailblazer and innovator who bridged the gap between Korean Pop ("K-Pop") and global hip-hop culture. Because he is fluent in English and Korean, Jay Park has a significant international fanbase. Jay Park has built a reputation for musical innovation and entrepreneurial success, including founding MORE VISION, a prominent record label in South Korea. Lee Decl. ¶ 4.

In addition to his musical talent, Jay Park is recognized as a philanthropist who often speaks about social issues affecting Asian and Asian-American communities.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

6
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**B.  The Anonymous YouTuber Posted Defamatory Content About Jay Park, Which Received Millions of Views and Thousands of Comments.**

Jay Park has been subjected to a malicious defamation campaign by the anonymous operator of the YouTube channel "뿌링사무소" ("Bburingsamuso"). Lee Decl. ¶ 5. The Anonymous YouTuber has uploaded videos, community content, and comments containing false, defamatory, and baseless accusations against Jay Park. The Anonymous YouTuber made the following false statements about Jay Park:

1.  <u>False Statements That Jay Park is Affiliated with the Chinese Mafia—the Triads:</u> The Anonymous YouTuber falsely accused Jay Park of being associated with the Triads, a Chinese criminal organization commonly referred to as the Chinese mafia. In a YouTube Short, [2] the Anonymous YouTuber claimed that Jay Park and his friend "Koala," who frequently visits MORE VISION's office, works with the Triad to import drugs from Thailand to Korea. The Anonymous YouTuber claims that Jay Park and Koala distribute drugs to the hip-hop community in collaboration with the Triad. As proof of Jay Park's connection with the Triads, the Anonymous YouTuber used Jay Park's photograph, mentions business ventures of the Triad, and discusses Jay Park's release of Chinese-language musical tracks. The Anonymous YouTuber also alleges that Jay Park and Koala are affiliated with American gangs, abuse minors, and engage in other criminal activity.  None of these allegations are true.  Lee Decl. Exhibit 1.

2.  <u>False Statements About Improper Financial Dealings That Involve Chinese Crypto-Currency:</u> The Anonymous YouTuber posted a public comment that accused Jay Park of promoting a questionable Chinese Crypto-Currency (OKX) that sponsored the 2023 Rolling Loud concert in Thailand. Lee Decl. Exhibit 2. The public comment alleged that by merely being a featured artist at the concert, Jay Park stood to gain undisclosed financial profits by promoting OCK. But that statement is false.  The

---

[2] Short-form videos typically last up to 60 seconds. See https://www.youtube.com/intl/en_id/creators/shorts/.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

7
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1    Anonymous YouTuber posted the following inflammatory comments about Jay Park:

2    "Is Jay Park some kind of untouchable figure? Are we not allowed to speak about

3    visible facts? At the Rolling Loud 2023 Thailand OKX Stage, Jay Park and Jessi were

4    the main Korea artists, and OKX is a cryptocurrency exchange. Don't you get it?"

5    (English translation). Lee Decl. Exhibit 2. To associate Jay Park's name with the post,

6    the Anonymous YouTuber also used Jay Park's photo as the cover image for the

7    YouTube post.  Through multiple methods on his or her platform, the Anonymous

8    YouTuber created the false narrative that Jay Park engaged in improper and unethical

9    financial dealings about cryptocurrency.

10    3.   <u>False Statements That Jay Park Is a Drug Trafficker</u>:

11    The Anonymous YouTuber falsely alleged that Jay Park works with an international

12    criminal organization (Triads) to import drugs from Thailand to Korea. Lee Decl.

13    Exhibit 1. In a community post[3], the Anonymous YouTuber used Jay Park's photo

14    alongside claims that Korean-American entertainers exploit Korea for criminal

15    activities, including drug trafficking. Lee Decl. Exhibit 3. The post states, "To these

16    Korean Americans, Korea isn't a place to settle—it's merely a playground where they

17    make money, cause chaos, enjoy themselves, and leave when it suits them." It

18    concludes with inflammatory language such as, "P.S. I really want to smash all of

19    your heads." (English translation). These public posts on the YouTube channel

20    contain numerous false, defamatory and/or harassing statements about Jay Park, all of

21    which inflict significant reputational harm to him. These defamatory statements and

22    videos have gained substantial viewership and engagement.  Lee Decl. ¶ 6. One such

23    video received over a million views and thousands of comments, significantly

24    amplifying the spread of false information about Jay Park. *Id*. Moreover, the

25    Anonymous YouTuber published their Shorts and posts in Korean and used Korean

26    language words and expressions that appear to indicate that they are native Korean

27    _____

28    [3] Community post in question is now removed from the YouTuber's channel. Screenshots of the post attached as
     Lee Decl. Exhibit 3.

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

speakers located in Korea, as opposed to non-Korean citizens residing outside of Korea. Lee Decl. ¶ 9. Woo Decl. ¶ 4. The Anonymous YouTuber makes comments showing distaste for Korean Americans, even commenting that they should "burn them" (English translation), further indicating that the Anonymous YouTuber is a native Korean residing in Korea. Lee Decl. ¶ 6.

### C. Jay Park Filed a Civil Lawsuit in Korea for Defamation.

On December 10, 2024, Jay Park initiated a civil lawsuit for defamation in the Seoul Central District Court. Under South Korean law, identifying the defendant is essential to proceed with the case. ("**Civil Matter**") Jay Park claimed defamation pursuant to Articles 750 and 751 of the Civil Act of Korea. Lee Decl. ¶ 10. Woo Decl. ¶ 5. Despite exhaustive efforts, Jay Park has been unable to identify the Anonymous YouTuber, necessitating this Application.

### D. Jay Park Seeks Limited Discovery from Google for a Civil Case in Korea.

Google is an American multinational company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043. Woo Decl. ¶ 8. Ex. 1. Google owns and operates YouTube, a leading global video-sharing platform.[4] Each YouTube channel, including "Bburingsamuso," is linked to a Google account. Users must log in with a Google account to upload videos, posts, or comments.[5]

To proceed with the defamation lawsuit in Korea, Jay Park seeks limited discovery from Google to identify the administrator of the YouTube channel "Bburingsamuso." Woo Decl. ¶ 7, 13. The requested discovery includes PII linked to the Google account associated with the channel, such as the name, email address, physical address, phone number, and recent IP address logs. This information is essential to the Korean civil proceeding, as the court cannot proceed without a properly identified defendant. Lee Decl. ¶ 11. Woo Decl. ¶ 7.

/ / /

---

[4] *See* Fed. R. Evid. 201(b) (the information provided about Google and the YouTube platform are generally known within the court's jurisdiction, or can be accurately and readily verified from the sources noted below whose accuracy cannot be reasonably questioned); WebWise.ie, *Explained: What is Youtube?*, https://www.webwise.ie/parents/what-is-youtube/ (last visited December 30, 2024).
[5] Google LLC, YouTube Help, Create a YouTube channel, https://support.google.com/youtube/answer/1646861?hl=en (last visited December 30, 2024).

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

9
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

The subpoena is narrowly tailored to seek only the information necessary to identify the administrator of the YouTube channel "Bburingsamuso." Woo Decl. ¶¶ 7, 13. Without this information, Jay Park cannot effectively pursue his legal remedies against the party responsible for the defamatory content. *Id* ¶ 7, 13. It excludes any requests for communications or other sensitive information, ensuring compliance with applicable privacy laws and respecting the rights of third parties. *Id* ¶ 7, 13.

### III. JURISDICTION AND VENUE

This Court has subject matter jurisdiction under 28 U.S.C. § 1331. Jay Park hereby files this Application under a federal statute – 28 U.S.C. § 1782(a). Furthermore, venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. 1782(a) because the party from whom discovery is sought "resides or is found" in this District. More specifically, this Application seeks information from Google, an American multinational company with its principal place of business located at 1600 Amphitheatre Parkway, Mountain View, California 94043.

### IV. LEGAL STANDARD

Under Section 1782, this Court may grant an application "where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019); *see also* 28 U.S.C. § 1782(a).

In *Intel Corp. v. Advanced Micro Devices, Inc*., the Supreme Court identified four factors that district courts should consider when exercising their discretion to grant Section 1782 discovery applications:

[1] whether "the person from whom discovery is sought is a participant in the foreign proceeding"; [2] "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; [3] whether the request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

country or the United States"; and [4] whether the request is "unduly intrusive or burdensome."

*In re Premises Located at 840 140th Ave. NE, Bellevue, Wash*., 634 F.3d 557, 563 (9th Cir. 2011) (quoting *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004)).

In exercising this discretion, district courts consider the twin aims of the statute: "providing efficient assistance to participants in international litigation, and encouraging foreign countries by example to provide similar assistance to our [U.S.] courts." *Intel*, 542 U.S. at 252. "Section 1782 is a provision for assistance to tribunals abroad. It does not direct United States courts to engage in comparative analysis to determine whether analogous proceedings exist [in the U.S.]." *Id*. at 263.

## V. ARGUMENT

### A. This Application Meets All of the Statutory Requirements of Section 1782

This Application meets each of the three statutory requirements of Section 1782.

First, Google "resides" or "is found" in this district within the meaning of Section 1782, because its principal place of business is in Mountain View, California, which is located in this judicial district. Woo Decl. ¶ 8, Ex. 1; *see also United States v. Google LLC*, 690 F. Supp. 3d 1011, 2023 WL 5725518, at *9 (N.D. Cal. 2023) (citations omitted).

Second, Jay Park seeks discovery to aid in the Civil Matter filed in Korea. Woo Decl. ¶¶ 7, 8, 13.). A proceeding in the foreign jurisdiction need only be "within reasonable contemplation," rather than be "pending" or "imminent," to satisfy this second statutory requirement. *Intel*, 542 U.S. at 259. But here, Jay Park has already filed a civil action against the Anonymous YouTuber in Korea. Therefore, Jay Park is seeking the Anonymous YouTuber's identity in the United States to proceed with the Civil Matter in Korea. Woo Decl. ¶¶ 5, 7, 13.; *see also In re Request for Jud. Assistance from Seoul Cent. Dist. Ct.*, No. 23-mc-80016-BLF, 2023 WL 2394545, at *3 (N.D. Cal. Mar. 7, 2023) (finding the second statutory factor met where discovery was sought for use in "a civil proceeding in a foreign tribunal—the Seoul Central District Court").

/ / /

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

11
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

Third, Jay Park filed the Civil Matter in Korea because the Anonymous YouTuber committed acts that violate civil law in Korea. Woo Decl. ¶¶ 5-6. Thus, Jay Park satisfies the third statutory requirement of being an "interested person." *Intel*, 542 U.S. at 256-57 ("No doubt litigants are included among, and may be the most common example of, the 'interested person' who may invoke [Section] 1782"); *see also Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (an "interested person" includes "litigants before foreign or international tribunals … as well as any other person whether he [or she] be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance.").

Because Google is located within this judicial district, Jay Park seeks discovery in aid of a civil lawsuit pending in South Korea, and Jay Park qualifies as an "interested person" under the statute, this Application satisfies all of the statutory requirements of Section 1782, and the Court should grant the requested relief.

**B. Each of the Intel Discretionary Factors Weigh in Favor of Granting this Application**

In addition to satisfying the statutory requirements of Section 1782, the discretionary factors outlined by the Supreme Court in *Intel* strongly support granting this Application.

**1. Google is Not a Party in the Korean Civil Matter**

The first factor is whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Intel*, 542 U.S. at 264. The Supreme Court recognized that the district courts' assistance is needed the most when the evidence is sought from a non-participant in a foreign proceeding. *Id.* "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

Here, Google is not named in the Korean Civil Matter. Woo Decl. ¶ 8. Therefore, this Court's assistance is needed because Jay Park is not able to obtain the information sought in this Application through a foreign proceeding. Stated another way, Korean courts do not have jurisdictional reach over Google because it is not a party in the Korean Civil Matter. Therefore, the information sought by Jay Park is only obtained through a United States federal court

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

12
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1   proceeding under Section 1782(a). *Id.* ¶ 8; *see Intel*, 542 U.S. at 264. Therefore, this factor

2   supports granting this Application.

3   **2. Korean Tribunals are Receptive to U.S. Judicial Assistance**

4   In the second factor, Supreme Court requires this Court to consider "the nature of the

5   foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the

6   foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*,

7   542 U.S. at 264. "This factor focuses on whether the foreign tribunal is willing to consider the

8   information sought." *In re Ex Parte Application of Varian Med. Sys. Int'l AG*, No. 16-mc-80048-

9   MEJ, 2016 WL 1161568, at *4 (N.D. Cal. March 24, 2016). There is a long history of Korean

10  tribunals requesting and receiving U.S. judicial assistance under Section 1782. *See In re Request*

11  *for Judicial Assistance from Seoul Dist. Criminal Court, Seoul, Korea*, 428 F.Supp. 109, 114

12  (N.D. Cal. 1977) (granting Seoul District Criminal Court's request for bank records); *In re*

13  *Request for Int'l Judicial Assistance from the Nat'l Court Admin. of the Republic of Korea*, No.

14  C15-80069 MISC LB, 2015 WL 1064790, at *1-2 (N.D. Cal. Mar. 11, 2015) (granting Korean

15  National Court Administration's request for information and documents from Google, Inc.);

16  *Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *1 (granting Seoul Central District Court's request

17  seeking information to identify four anonymous Instagram users who defamed or insulted a

18  plaintiff in a Korean civil proceeding).

19  Furthermore, in "the absence of authoritative proof that a foreign tribunal would reject

20  evidence obtained with the aid of Section 1782," courts tend to "err on the side of permitting

21  discovery." *See In re Ex Parte Application of Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at

22  *4; *see also Palantir Techs., Inc. v. Abramowitz*, 415 F.Supp.3d 907, 915 (N.D. Cal. 2019)

23  (citation omitted). In other words, discovery is favored unless there is clear evidence that the

24  foreign tribunal would reject the evidence sought.

25  Korean courts are receptive to the U.S. federal court's assistance in discovery matters,

26  including through Section 1782 requests for information to identify persons who anonymously

27  publish statements on social media platforms. Woo Decl. ¶ 9. In addition, there are no Korean

28  laws or policies that limit or otherwise prevent the U.S. federal courts from

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

13

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

assisting the Applicant obtain discovery in order to identify the Anonymous YouTuber in the manner proposed in this Application. Woo Decl. ¶¶ 10-11. As stated above, Korean courts have a history of seeking judicial assistance from federal courts and courts in this district have in the past granted Section 1782 discovery for use in Korean court proceedings. Therefore, this second factor weighs in favor of granting this Application.

**3. Jay Park is Not Seeking to Circumvent Any Restrictions or Policies on Proof Gathering**

The third factor directs the court to consider "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. As a court in this district previously held, "[t]his factor will weigh in favor of discovery if there is 'nothing to suggest that [the applicant] is attempting to circumvent foreign proof gathering restrictions.'" *In re Starship Entm't Co., Ltd.*, No. 23-mc-80147-BLF, 2023 WL 3668531, at *3 (N.D. Cal. May. 24, 2023) (quoting *In re Google Inc.*, No. 14-mc-80333-DMR, 2014 WL 7146994, at *3 (N.D. Cal. Dec. 15, 2014)). As explained below, there is nothing suggesting Jay Park's attempt to circumvent foreign proof gathering restrictions.

**a. Jay Park is Seeking Personal Identifying Information ("PII") to Proceed with the Civil Matter**

In Korea, civil courts conduct service of process on defendants based on the information provided by plaintiffs. Woo Decl. ¶ 7. Here, Jay Park is not attempting to circumvent any "foreign proof-gathering restrictions" or "other policies" of Korea or the United States. *Id*. ¶ 12. In fact, the opposite is true. This Section 1782 Application is the only way for Jay Park to obtain the Anonymous YouTuber's information with personal identifying information ("PII"). *Id*. ¶¶ 7, 13; Lee Decl. ¶ 8. Jay Park's Korean counsel confirms this information is needed to pursue the Civil Matter in Korea and anticipates that the requested PII will be admissible in the Korean court. Woo Decl. ¶¶ 7, 12-13.

/ / /

/ / /

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

14

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

**b. The First Amendment Does Not Apply**

Jay Park is not attempting to infringe on the Anonymous YouTuber's First Amendment rights because the Anonymous YouTuber appears to be a citizen of Southern Korea.  In *United States v. Google LLC,* 690 F. Supp. 3d 1011, 2023 WL 5725518 (N.D. Cal. 2023), a court in this district analyzed the issue of the First Amendment in the context of a Section 1782 request seeking an anonymous individual's PII ("name, gender, phone number, date of birth, etc.") from Google related to a Korean civil action.

First, the court recognized that "Foreign citizens who are outside United States territory. . . do not possess any rights under the United States Constitution." *United States v. Google LLC*, 2023 WL 5725518, at *12 (citations omitted). Here, the words and phrases used by the Anonymous YouTubers in the Shorts and in public comments strongly suggest that the Anonymous YouTuber is a Korean citizen that resides in Korea. Lee Decl. ¶ 9. Woo Decl. ¶ 4. For example, the Anonymous YouTuber showed extreme distaste towards "Korean Americans" even commenting "burn them" (English translation) in response to a comment saying "let's clean up these kinds of foreigners." (English translation). Lee Decl. Ex. 1

Second, "[t]he court f[oun]d persuasive several recent opinions concluding that . . . U.S. free-speech principles should not be determinative factors" in evaluating the third discretionary factor "where the evidence does not indicate that the anonymous speakers are entitled to First Amendment protections." *Id*. at *12-13 (citing *Hey, Inc. v. Twitter, Inc*., No. 22-mc-80035-DMR, 2023 WL 3874022, at *7-8 (N.D. Cal. June 6, 2023) (holding third discretionary factor did not weigh against granting Section 1782 application seeking the identity of anonymous speaker, where there was no evidence indicating that the speaker was entitled to First Amendment protections); *Takagi v. Twitter, Inc*., No. 22-mc-80240-VKD, 2023 WL 1442893, at *7 (N.D. Cal. Feb. 1, 2023) (rejecting assertion that a subpoena seeking identity of anonymous speaker circumvented the U.S.'s "pro-free speech policy," because "First Amendment protections do not apply to non-citizens outside the territory of the United States"); *Zuru, Inc. v. Glassdoor, Inc*., 614 F.Supp.3d 697, 707 (N.D. Cal. 2022) ("Although the United States may have a pro-free-speech policy, . . . it doesn't reflect a U.S. policy of protecting free speech

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA  92501
951-783-9470

15
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1   around the world.").

2   Here, there is nothing to indicate that the statements were made by a U.S. citizen. *Id*.

3   Therefore, the First Amendment protections do not apply to the Anonymous YouTuber.

4   Third, another district court noted that an anonymous individual knowingly made false

5   statements about a person "likely would not be protected by the First Amendment even in the

6   United States." *United States v. Google LLC*, 2023 WL 5725518, at *13 (citing *In re Tagami*,

7   No. 21-mc-80153-JCS, 2021 WL 5322711, at *3 n.1 (N.D. Cal. Nov. 16, 2021); *see Milkovich v.*

8   *Lorain J. Co*., 497 U.S. 1, 22 (1990) (discussing the necessary balance between ensuring "First

9   Amendment protection for defendants in defamation actions" and recognizing society's

10  "pervasive and strong interest in preventing and redressing attacks upon reputation"). Here, Jay

11  Park asserts claims of defamation, harassment, and the publication of knowingly false statements

12  by the Anonymous YouTuber. Lee Decl. ¶ 7. Woo Decl. ¶¶ 5-6. These allegations, supported by

13  the evidence provided, highlight severe harm to Jay Park's reputation and emphasize the critical

14  need for discovery to pursue appropriate legal remedies in Korea.

15  For the foregoing reasons, the third factor supports granting this Application.

16  **4. This Application is Not Unduly Intrusive or Burdensome**

17  The last factor is whether the discovery requested is "unduly intrusive or burdensome."

18  *Intel*, 542 U.S. at 265. The Supreme Court noted that requests that are too burdensome in part

19  may be "trimmed" so that the requests can be partially authorized. *Id*.

20  While requests that seek confidential information or are broad "fishing expedition" for

21  irrelevant information may be unduly intrusive or burdensome, *In re Ex Parte Application of*

22  *Qualcomm Inc*., 162 F.Supp.3d 1029, 1043 (N.D. Cal. 2016), Jay Park's requests are narrow in

23  scope and number. Jay Park's proposed subpoena consists of requests for documents about the

24  Anonymous YouTuber's real identity, like his or her name, gender, date of birth, phone numbers,

25  and address, which Jay Park needs to proceed with the Civil Matter and which Google maintains

26  in the regular course of business. *See* Ex. A(SUBPOENA); Woo Decl. ¶ 7-9; *see also United*

27  *States v. Google LLC*, 2023 WL 5725518, at *15; *In re Frontier Co., Ltd.*, No. 19-mc-80184-LB,

28  2019 WL 3345348, at *5 (N.D. Cal. July 25, 2019) (granting applicant's request for name,

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

16

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

address, email, phone number, and name on credit cards, etc.); *In re Med. Corp. Seishinkai*, No. 21-mc-80160-SVK, 2021 WL 3514072, at *4-5 (N.D. Cal. Aug. 10, 2021) (granting discovery from Google under Section 1782); *Seoul Cent. Dist. Ct.*, 2023 WL 2394545, at *4 (allowing discovery of information from Meta regarding the names, dates of birth, email addresses, cell phone numbers, and IP addresses associated with specific user accounts where the request was "narrowly tailored to seeking the information that is necessary to identify the identity of the putative defendants").

Additionally, judges in this district have previously recognized that a subpoena that does not seek the content of any communications associated with an account at issue does not violate the Stored Communications Act. *See, e.g., Optiver Australia Pty. Ltd. v. Tibra Trading Pty. Ltd.*, Case No. 12-cv-80242 EJD, 2013 WL 256771, at *2 (N.D. Cal. Jan. 23, 2013) (discussing prohibitions of the Stored Communications Act, 18 U.S.C. § 2701 et seq.); *In re Ex Parte Application of Akiko Isogai*, Case No. 22-mc-80327 SVK, 2023 WL 3035418, at *3 (N.D. Cal. Jan. 20, 2023) ("the subpoena seeks only the names and addresses of the person(s) whose credit card is associated with the Google accounts and does not seek disclosures of credit card numbers or any other sensitive information."); *In re Med. Corp. H&S*, No. 19-MC-80058-VKD, 2019 WL 1230440, at *4 (N.D. Cal. Mar. 15, 2019) (limiting a subpoena for account-user credit card information to the name and address). Here, the proposed subpoena does not seek the content of any communications, nor does it seek sensitive financial information (e.g., credit card numbers, bank account numbers, or electronic commerce account numbers). Exhibit A. The Application is purely for the purpose of identifying a defendant to be named in the Civil Matter in Korea.

Accordingly, this factor weighs in favor of Jay Park, as the requests are narrowly tailored, minimally intrusive, and not unduly burdensome. Moreover, Google retains the right to object, seek a protective order, or otherwise address any concerns regarding the scope of the subpoena.

/ / /

/ / /

/ / /

/ / /

**STREAM|KIM**
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

17
EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## VI. CONCLUSION

For the reasons stated above, Applicant Jay Park respectfully requests this Court exercise its discretion under Section 1782 to grant this Application and permit the Applicant to issue the proposed subpoena to Google in aid of the Korean civil proceedings.


Dated: January 9, 2025                    STREAM KIM HICKS WRAGE & ALFARO, PC.


_____
Eugene Kim
*Attorney for Applicant,*
*Jay Park*

STREAM|KIM
ATTORNEYS AT LAW
3403 TENTH STREET,
STE 700
RIVERSIDE, CA 92501
951-783-9470

18

EX PARTE APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782

# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| In re Ex Parte Application of Jay Park | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                                   Google LLC

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: By email to: eugene.kim@streamkim.com<br>By mail to: Eugene Kim, 3477 McKee Rd #1012<br>San Jose, CA 95127 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

|  |  |
|---|---|
| *CLERK OF COURT* | OR |
| _____<br>*Signature of Clerk or Deputy Clerk* | _____<br>*Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*     Jay Park
_____ , who issues or requests this subpoena, are:
Eugene Kim, 3403 Tenth Street, Suite 700, Riverside, CA 92501; eugene.kim@streamkim.com; (951) 783-9470

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____                         _____
                                                          *Server's signature*

                                               _____
                                                          *Printed name and title*

                                               _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## <u>ATTACHMENT A</u>

### I.     <u>Definitions</u>

A.  The term "Document" or "Documents" shall mean a writing, as defined in Rule 34(a) of the Federal Rules of Civil Procedure and related Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of drawings, graphs, charts, photographs, sound recordings, images, other data compilations and electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combination of them.

B.  The term "Google Account No. 1" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Bburingsamuso" (Korean original: "뿌링사무소") which was accessible from the URL

https://www.youtube.com/@뿌링사무소

C.  The term "Google Account No. 2" means the Google account(s) and/or YouTube account(s) registered or otherwise linked to the person(s) who created, uses and/or otherwise logs in to the YouTube channel titled "Bburingsamuso" (Korean original: "뿌링사무소") which was accessible from the URL
https://youtube.com/channel/UCBsxt_RvyASGe9actGKffCA?si=TdjVBKEEsNkRMguy

D.  The term "Access Logs" means the dates, times, Internet Protocol addresses, port numbers and any other related information that is kept by Google LLC when users login or upload videos to his/her/its Google account(s).

### II.     <u>Requests for Production</u>

1.  Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) who created, used and/or otherwise logged in to Google Account No. 1.

    To the extent that Access Logs are provided to identify the user of Google Account No. 1, this request seeks a minimum of the last ten (10) logins and the time zone associated with the timestamps in those Access Logs.

1

2. Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) with credit card(s), bank account(s) and/or other electronic commerce details registered with Google Account No. 1.

   This request does not seek the actual credit card numbers, bank account numbers or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.

3. Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) who created, used and/or otherwise logged in to Google Account No. 2.

   To the extent that Access Logs are provided to identify the user of Google Account No. 2, this request seeks a minimum of the last ten (10) logins and the time zone associated with the timestamps in those Access Logs.

4. Documents sufficient to identify the name(s), date(s) of birth, gender(s), phone number(s), and address(es) of the person(s) with credit card(s), bank account(s) and/or other electronic commerce details registered with Google Account No. 2.

   This request does not seek the actual credit card numbers, bank account numbers or the electronic commerce account numbers or passwords, and it does not seek any financial transaction information.